*Ordered accordingly.*

[Opinion delivered January 17, 1885.]

---

[No. 1788.]

### H. HEUNE *v.* THE STATE.

OBSTRUCTION OF PUBLIC ROADS — FACT CASE.— See the statement of the case for evidence *held* insufficient to support a conviction for wilfully obstructing a public road.

APPEAL from the County Court of Fayette. Tried below before the Hon. John C. Stiehl, County Judge.

Convicted upon an information charging him with the wilful obstruction of a public road, the appellant was fined in the sum of $10.

The State first introduced in evidence the decree of the commissioners' court of Fayette county, establishing the second-class road thereafter known as the Colorado River, Crownover Bend and Cedar Post Office road. Henry Schubert, the overseer of the said road, was then called to the stand, and testified, in substance, that

for a distance of one hundred and fifty yards between the fences of the defendant and Mr. Kehrer, the road in question is from twenty to twenty-five feet wide. After receiving his commission in March, 1884, the witness notified the defendant to remove his fence to its proper place, and the defendant agreed, but has failed to do so. Witness did not know the proper line between the defendant and Kehrer's property. He did not know that the defendant ever moved his fence into or out of the road. On his cross-examination, this witness said that he first went to Mr. Kehrer, about the road at the point spoken of being too narrow. Kehrer said that the road was entirely on his land, and advised witness to see defendant. Witness did not know the line as the road was first laid out, nor did he know when Kehrer built his present fence.

A. Kehrer testified that the defendant's fence is on the line between the lands of himself, witness, and defendant. Defendant's fence at some places is perhaps a little over the line, and at others a little set back. The road in question was entirely on the land of witness, which he gave voluntarily for road purposes before the road was worked. Witness's fence has stood where it now stands for six or seven years. Defendant's fence has stood as it now stands for a much longer time, and was built long before defendant owned the land. Before witness moved his fence out, people, as they were at liberty to do, traveled over the witness's land. The road is the same now as originally cut out.

The motion for new trial denounced the verdict as unsupported by the evidence.

*Duncan & Meerschiedt*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a judgment of conviction in the county court for wilfully obstructing a public road. We can scarcely credit it that appellant was convicted upon the evidence alone which is disclosed in the record before us. If so, then we do not hesitate to say that there is not a particle of evidence going to establish in law his guilt of the charge for which he has been convicted. (*Shubert* v. *The State*, 16 Texas Ct. App., 645.)

The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

[Opinion delivered January 17, 1884.]